IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORPORATION, f/k/a Associates Commercial Corporation, : : : : | |
| Plaintiff, : : | CIVIL ACTION NO. 1:04-CV-3298-JOF |
| v. : : | |
| COLONIAL BANK, : : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Defendant's motion for summary judgment [24].

**I.   Background**

    **A.   Procedural History**

On October 8, 2004, Plaintiff, Citicapital Commercial Corp., filed suit in the Superior Court of Fulton County, alleging claims of conversion, breach of contract, and fraud against Defendant, Colonial Bank. On November 10, 2004, Defendant removed the action to the United States District Court for the Northern District of Georgia. On November 4, 2005, Defendant filed a motion for summary judgment on all three of Plaintiff's grounds for relief. This court held a hearing on June 29, 2006. The court noted that Plaintiff had abandoned its conversion claim and denied Defendant's motion for summary judgment on the breach of

contract claim. The only matter left before the court is Defendant's motion for summary judgment with respect to Plaintiff's fraud claim.

### B. Facts [1]

The facts of this case center around the financial downturn of LJL Truck Centers, Inc. (hereinafter "LJL"). Specifically, this case concerns a March 7 meeting between Plaintiff, a financing entity that provided buyer financing and floor plan financing, Defendant, a bank with which LJL maintained an account and held a revolving line of credit financing, and LJL to discuss LJL's financial difficulties. The parties agreed to hold off taking any action regarding LJL until after another meeting between the parties on March 9. The parties agreed to conduct "business as usual." Upon leaving the March 7 meeting, Defendant cancelled LJL's line of credit. Subsequent to this cancellation, four LJL checks to Plaintiff were dishonored. On March 7, LJL had $73,269.70 in its checking account.

### C. Contentions

Plaintiff contends that Defendant's actions of promising to keep business as usual followed by the cancellation of the revolving line of credit constituted fraud. Defendant claims that it is entitled to summary judgment as Plaintiff has not proven the reliance and damages elements of its fraud claim.

---

[1] While issues of fact are sharply contested by the parties, Defendant contends that it is entitled to summary judgment even assuming the facts in a light most favorable to the Plaintiff. As such the court will rely on Plaintiff's version of events.

**II.     Discussion**

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Crawford v. Williams*, 258 Ga. 806 (1989). Defendant claims that Plaintiff has not proven the detrimental reliance. Plaintiff responds that it "could have obtained a certified check from LJL" for at least $73,269.70, the amount in LJL's checking account, but for its reliance on Defendant's fraudulent representations.

Daniel Clark, a representative of Plaintiff who was at the March 7 meeting, in his deposition when asked, "[w]hat if anything did you do in reliance on your understanding" with Defendant, stated that in reliance on the agreement Plaintiff did not secure LJL's truck inventory. Daniel Clark Depo. at 44. Later, however, he states that Plaintiff later would repossess this inventory and that Plaintiff suffered no loss due to the delay. *Id.* at 45. Thus, Plaintiff did not rely to its detriment in failing to secure LJL's truck inventory on March 7.

Mr. Clark also stated, "if I was concerned that, you know, checks may not clear, I may have asked – I would have asked for any outstanding checks to go down and get certified checks to cover them immediately." *Id.* at 44. Later in Daniel Clark's deposition, Defendant's lawyer and Mr. Clark had the following exchange:

Q.   If checks were presented during this period (the night of March 7 or March 8) to Colonial Bank drawn on LJL's checking account, what did you expect the Colonial Bank would do with them?

A.   It would be cleared and paid.

3

> Q. Regardless of how much money LJL had in its account?
>
> A. I mean, if they were in a deficit you could see them not pay, but as long as they were depositing proceeds from truck sales and writing a comparable check, so the assumption is you would get you offset on them. I mean, there would be the money there to pay for them.
>
> If I was concerned at all during that period I would have told them that they had to do certified checks at that point to pay for things, but I wouldn't have done that just because of the ultimate agreement.

*Id.* at 46-47.

Thus, Plaintiff has shown that it did not take two different types of action because of its reliance on the Defendant's representations. First, Mr. Clark states that he would have tried to go down and get certified checks from LJL to cover any outstanding checks. As Plaintiff held a check for $69,564 as of March 7 and according to Defendant, on March 7, LJL had $73,269.70 in its checking account, it is feasible that he could have gotten an amount from LJL to cover this check but for its reliance on Defendant's representations. Further, LJL wrote a check to Plaintiff on March 8 for $46,016.21. According to Mr. Clark's testimony, had it not been for the parties' agreement, he would have required all checks issued between the two meetings, including this check, to be certified at issuance.

Plaintiff has shown that it acted to its detriment resulting in damages when it relied on Defendant's representations. As such, Defendant is not entitled to summary judgment on Plaintiff's fraud claim. Thus, the court DENIES Defendant's motion for summary judgment.

**III.   Conclusion**

4

The court DENIES Defendant's motion for summary judgment [24].

The parties are DIRECTED to file a pretrial order within thirty (30) days of this order.

**IT IS SO ORDERED** this 1st day of August 2006.

                                                 s/ J. Owen Forrester
                                                 J. OWEN FORRESTER
                                   SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)